56459. ATLANTA AUTO AUCTION et al. v. RYLES.

BELL, Chief Judge.

Plaintiffs, the operators of an automobile auction, filed a complaint under the Fair Business Practices Act (Code Ann. § 106-1213 (c)) to set aside an investigative demand which had been caused to be served on them by the defendant, the administrator of the Office of Consumer Affairs. After a hearing, the trial court made findings of fact, conclusions of law, and denied the requested relief. *Held:*

1. The plaintiff claims that the investigative demand does not comply with the applicable part of the FBPA. The statute provides in this particular area: "Each such investigative demand shall . . . describe the class or classes of documentary material to be produced thereunder with such definiteness and certainty as to permit such material to be fairly identified . . . " Code Ann. § 106-1213 (d). The investigative demand required plaintiff to provide: "Any and all records of automobiles

sold to McDonald Chevrolet-Oldsmobile, Inc. for the term of June 15, 1977, until the date of this investigative demand [September 15, 1977]. This will include odometer disclosure statements and auction receipts of the sale of these vehicles for the same period." Plaintiffs argue that the phrase "any and all records" could include a myriad of documents which pertain to automobiles and this language does not specify what it is seeking. We agree with this contention to a limited extent. But the defendant states that the investigative demand is only seeking odometer disclosure statements and auction receipts although the quoted language from the demand is not limited to these items. Nonetheless, since the defendant admits that these odometer records and auction receipts are the only items sought and which relate to a definite period of time and concern sales between plaintiffs and a named third party, we hold that the investigative demand is sufficiently specific and complies with the statute for these documents only. We direct the trial court to amend its order limiting the demand in conformity with this opinion. We also hold that this investigative demand as limited is not so overly broad, vague, or uncertain to render it incapable of enforcement.

2. Plaintiffs make the argument that since the transactions here involved both sales and purchases between plaintiffs who are dealers and a third party auto dealer, the transactions do not fall within the scope of FBPA as it applies only to consumer transactions as defined in the Act which does not include interdealer business relationship. Plaintiffs cite *State of Ga. v. Meredith Chevrolet,* 145 Ga. App. 8 (244 SE2d 15) in support of this contention. In *Meredith* we held that the FBPA does not authorize defendant administrator to bring a direct civil action against a dealer for alleged violations of the Act where the claimed illegal transactions took place between two dealers and no consumer participated in the sales transaction. Here, while no consumers participated in the sale or purchase of automobiles, defendant is not bringing a civil action against a dealer for violating the Act as was the case in *Meredith.* He is merely utilizing the authority granted

him by statute to further an investigation. The FBPA authorizes the defendant to serve an investigative demand on "any person" who is believed to have information, documentary material or physical evidence relevant to an alleged or suspected violation of the Act. Code Ann. § 106-1203 (b) (5) (7).

3. The plaintiffs also argue that compliance with the investigative demand will have a detrimental effect on its business. We have examined this contention and it is without merit.

*Judgment affirmed with direction. Shulman and Birdsong, JJ., concur.*

Submitted September 19, 1978 — Decided October 18, 1978 — Rehearing denied November 7, 1978 — 

*Levine & D'Alessio, Burgess W. Stone,* for appellants.
*Arthur K. Bolton, Attorney General, E. Lynne Pou, Assistant Attorney General,* for appellee.